WALLACE, JUDGE:
James E. Patterson filed this claim in the amount of $6,000.00 for damage caused by surface water to certain real property on which his residential trailer is situated. It developed at the hearing that the legal owner of the land was Mr. Patterson’s mother-in-law, Clara Mae Hall, and the Court on its own motion amended the claim accordingly. The claimant did not appear; the testimony and support of the claim were presented solely by Mr. Patterson.
Mr. Patterson lives in St. Albans, West Virginia, at 1010 Avesta Drive, which is also Route 12/9 maintained by the respondent. He contended that the respondent was negligent in failing to properly maintain a drain located directly across the road from the left front corner of the claimant’s lot. The drain had become clogged, and during hard rains or major snow thaws water would flow over the surface of the road into a natural drainage area next to claimant’s lot. Normally the water would flow into the drain, then to a culvert and pipe under the road and into the natural drainage area on the left boundary of claimant’s property. Mr. Patterson testified that the surface water flooded the claimant’s lot, thereby washing away all topsoil and negating any effort to grow grass. He further stated that he had notified the respondent of the condition, but that no *26 corrective action was taken. In order to alleviate the problem, he repeatedly dug a drainage ditch along the front of the lot.
While it appears that the respondent may have been negligent in allowing the clogged condition to continue, the Court is not disposed to make an award after a careful examination of all the evidence. The testimony of Claude Blake, a claims investigator for the respondent, substantially contradicted Mr. Patterson’s contention that the flow of water across the highway caused the flooding of the lot. Mr. Blake acknowledged that the clogged drain caused the water to flow across the road, but stated that it flowed directly into the natural gully on the vacant lot to the left of the claimant’s property. This observation is supported by photographs intorduced into evidence, namely, Claimant’s Exhibit #14 and Respondent’s Exhibit #8.
The record also reveals that the claimant’s lot is on a natural slope, and while it is an estimated three feet higher than the natural drainage area of the vacant lot, it is lower than the land adjoining on the right.
It is evident that any accumulation of flow of water onto claimant’s land is largely attributable not to the clogged drain, but to the natural flow of water from the higher land levels. See Caldwell v. Department of Highways, 11 Ct. Cl. 50 (1975).
The Court is of the opinion that the claimant has not proved by a preponderence of the evidence that the damages were directly and proximately caused by the negligence of the respondent. Accordingly, the claim is disallowed.
Claim disallowed.